IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HENRY ELLIOTT STONE
    Plaintiff,

vs.                         Case No.: 3:16cv274/MCR/EMT

SANTA ROSA COUNTY JAIL,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff was granted leave to proceed in forma pauperis (ECF No.  4).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir.

1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).   Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).  Upon review of the Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face.  Dismissal of this action is therefore warranted.

Plaintiff, who was an inmate at the Santa Rosa County Jail at all times relevant to the complaint, claims his rights were violated when on an unspecified date he was placed into a small "interview room" along with six other inmates for two hours. Plaintiff states that the six foot by 5 foot room smelled of urine, had human waste on the floor, and no chairs, toilet, or running water.  As relief, Plaintiff seeks monetary damages and an injunction against the jail to stop using the room in this manner.

Plaintiff's claim is appropriately construed as brought under the Eighth Amendment right to be free from cruel and unusual punishment.  At a minimum, all such claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety.  Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981); *see also* Hamm v. DeKalb County, 774 F.2d 1567, 1571–72 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S. Ct. 1492, 89 L. Ed. 2d 894 (1986). Moreover, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id*.; *see also* Holloway v. Gunnell, 685 F.2d 150, 156 (5th

Cir. 1982) ("[A] sentence in federal prison is not a guarantee that one will be safe from life's occasional inconveniences"). A prisoner must therefore be able to objectively prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The challenged condition must be "extreme." *Id.* at 9, 112 S. Ct. at 1000; *see also* Chandler v. Crosby, 379 F.3d 1278, 1298 (11th Cir. 2004).

Thus, the Eighth Amendment may be violated if inmates are required to live in unsanitary conditions or those lacking basic elements of hygiene. Chandler v. Baird, 926 F.2d 1057, 1064 (11th Cir. 1991) (citing Novak v. Beto, 453 F.2d 661, 665 (5th Cir. 1971)). However, in keeping with the above standards, "It is equally plain . . . that the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 686–87, 98 S. Ct. 2565, 2571, 57 L. Ed. 2d 522 (1978).

Thus, where a hospitalized inmate was "forced to defecate into his jumpsuit and sit in his own feces for two days during his three-day hospital stay," a violation of the Eighth Amendment was found. Brooks v. Warden, 800 F.3d 1295, 1303 (11th Cir. 2015) (collecting cases). Likewise, conditions where an inmate was allegedly

"deprived of toilet paper for three days, running water for two days, and was not provided with soap, a toothbrush, toothpaste, or bed linens . . . combined with the inadequate heating of his cell, were sufficient to state an Eighth Amendment violation." *Id.* (quoting Chandler v. Baird, 926 F.2d at 1063); *see also* Young v. Quinlan, 960 F.2d 351, 365 (3d Cir. 1992) ("It would be an abomination of the Constitution to force a prisoner to live in his own excrement for four days . . . ."); Gates v. Collier, 501 F.2d 1291, 1301 (5th Cir. 1974).

By contrast, however, relatively short durations of confinement in an unsanitary cell do not amount to a violation. *See* Jacoby v. Baldwin County, 835 F.3d 1338, 1343, 1346 (11th Cir. 2016) (no violation where detainee was made to sleep for two overnights on the floor next to a toilet and was thereby exposed to human excrement as his cellmates were forced to urinate and defecate "over him" while he tried to sleep); Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours); Harris v. Fleming, 839 F.2d 1232, 1235–36 (7th Cir.1988) (five-day stay in "filthy, roach-infested cell" not unconstitutional); Ogbolu v. McLemore, No. 96-6275, 1997 WL 49449, at *2 (10th

Cir. Feb. 7, 1997) (cold, wet, drafty, and unsanitary solitary cell for two days does not violate Eighth Amendment).

Plaintiff's allegations, where he only had to generally endure the smell or sight of urine and feces for a two-hour period, clearly fall into the latter category. While unpleasant, the conditions alleged by Plaintiff are not of the "extreme" sort necessary to trigger Eighth Amendment protection. His claim therefore does not rise to the level of a constitutional violation.

Accordingly, it respectfully **RECOMMENDED**:

1.    That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.    That this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

At Pensacola, Florida, this 16th day of May 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**